In the Matter of the Claim of JOHN ROWE, Respondent, against G. R. KINNEY COMPANY, INC., and THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of workmen's compensation by the State Industrial Board for reduced earnings. At the time of the accident the claimant received a salary and moneys for living expenses while traveling. As the result of the accident he was unable to do the work required of a traveling man and so received only his salary, thus being compelled to pay his own living expenses. This was in substance a reduction in earnings. The finding that claimant's average annual earnings for the year preceding his injury, in the same employment, amounted to $5,550 is questioned as arbitrary. During a substantial portion of this period he earned between $7,000 and $8,000 (one witness said $9,000) and for another portion $75 per week plus living expense moneys of $1,000 to $1,200 per year. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ARTHUR BARTETZKI, Respondent, against M. BERLIN CORP. and CONTINENTAL CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award by the State Industrial Board in claimant's favor for total disability from May 29, 1937, to June 3, 1937, and for partial disability on account of reduced earnings from June 3, 1937, to November 30, 1937. Claimant was employed as a carpenter. On January 22, 1937, while engaged in his regular occupation and while cutting out floor beams, a beam slipped and while attempting to hold the same claimant sustained injuries. Appellants concede that claimant had suffered an accident on the date in question which resulted in disability to May 29, 1937. They paid compensation to that date. Appellants contend that claimant's disability is due to a previous accident sustained in 1929. The medical testimony on behalf of claimant establishes that the disability from which claimant is suffering is in an entirely different region of the back than the injuries sustained in 1929. The medical testimony on behalf of claimant sustains the finding of the State Industrial Board. The medical testimony on behalf of the carrier is to the effect that claimant's disability is due to the 1929 injury. A question of fact only is presented. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.