In the Matter of the Claim of FLORENCE HUGHES, on Behalf of Herself and CAROL A. HUGHES and Another, Infants, Respondent, against THOS. ROULSTON, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow and minor children of a deceased employee. Decedent was the manager of a branch store. He was found unconscious on the floor of a back room with his forehead resting against the corner of a toilet door. He regained consciousness but after his removal to a hospital he died. The cause of his death was a cerebral hemorrhage. There is medical testimony to sustain the board's finding that the cerebral hemorrhage was caused by decedent striking his head against the toilet door. From the employer's report of injury, the position in which decedent's body was found, and the statement of decedent himself to his attending physician, it was clearly within the realm of fact for the board to find that decedent's head struck the door. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.

■

In the Matter of the Claim of MAURICE S. LE VOFF, Respondent, against GOMPERS & BLAU et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and insurance carrier from decisions and awards of the Workmen's Compensation Board which awarded claimant compensation on account of his reduced earnings due to disability occasioned by a compensable accident. Claimant's employment as an auditor required him to travel extensively during the major part of the year. In addition to a fixed weekly salary he was reimbursed for his living and transportation expenses incurred while at work away from his home, and these the board included in computing his prior annual earnings for the purpose of fixing his reduced earnings occasioned by his partial disability. Whether this was correct is the only question presented. Claimant's reimbursement for his transportation expenses may not properly be considered as in the nature of his earnings, albeit his living expenses were properly so treated. (*Matter of Rowe* v. *Kinney Co.*, 255 App. Div. 904, motion for leave to appeal denied 280 N. Y. 852.) Decisions and awards reversed, on the law, without costs, and the matter remitted to the Workmen's Compensation Board for a recomputation of claimant's reduced earnings and appropriate awards. Brewster, Deyo, Bergan and Coon, JJ., concur; Foster, P. J., dissents.