566

■ In the Matter of the Claim of HARRY WEINGARTEN, Respondent, v. DEMOCRAT & CHRONICLE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and its carrier appeal from a decision and award of the Workmen's Compensation Board for a continuing causally related partial disability dated November 9, 1961 and from a decision of the board dated April 13, 1962. Claimant was employed on the first three days of each week as a relief district circulation manager, the duties of which required him to pick up newspapers at the employer's publishing plant and to deliver them to newsboys, stores and individual subscribers along a charted route about six or seven miles in length in the traverse of which approximately 33 stops were made; in effecting the deliveries his own motor vehicle was used. For the services he was paid a daily wage of $5; for the use of his automobile he received an additional weekly allowance of $11 which the board included in the computation of his preaccidental average weekly earnings. Whether this was correct is the only issue presented upon appeal. Inevitably claimant incurred expenses in the operation of the vehicle used in connection with the hiring; the extent of their recoupment may not be regarded properly as wages within the contemplation of the statute. (Workmen's Compensation Law, § 2, subd. 9; *Matter of Le Voff v. Gompers & Blau*, 278 App. Div. 878.) The residual financial advantage, if any, which he received from the employer by reason of the allowance the record does not disclose. Decisions and award reversed, without costs, and the matter remitted to the Workmen's Compensation Board for further development of the record, the recomputation of claimant's average weekly wage and an appropriate award. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.

■ In the Matter of the Claim of FRANK GAGLIARDI et al., Respondents, v. TURNER CONSTRUCTION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a portion of a decision of the Workmen's Compensation Board. Decedent was 19 years old when he died as a result of an industrial accident. A finding of dependency has been made both as to his father and mother. The dependency of the mother is sufficiently sustained by the record, but not that of the father. At the time of his death in November, 1960 decedent was earning $75 a week. Prior to June he had been earning $50 a week. When he earned $50 he contributed $25; and when he earned $75 he contributed $50 a week to the general family expenses. The total contributed in 1960 seems to have been about $1,800. During this period the father earned $6,053.74 and had other additions to his income which totalled $6,648. The household expenses were about $5,300, with an additional $1,048.74 for medical expenses. Besides these, there were payments on a mortgage and for reduction of the father's indebtedness which brought the total to $8,233, so that the family unit, which consisted also of a younger sister, was in part dependent on decedent. (*Matter of Martorana v. Tensolite Insulated Wire Co.*, 14 A D 2d 462.) But the father was not a dependent and would not, as an individual, be entitled to an award unless, in its absence, the general family standard would be reduced. (*Matter of Jardine v. Drake-Crafe-Winston-Tecon-Conduit*, 5 A D 2d 727.) No sufficient showing of this has been made. If the father's award is disallowed, the mother's award will increase from $25 to $30 a week (Workmen's Compensation Law, § 16, subd. 4). In some part the expenses for 1960 seem unusual, especially for medical care, and perhaps also in the amounts spent for the reduction of the father's indebtedness. It may be possible also to regard the sister as a dependent, but, of course, that question is not before us. Award modified by reversing the award to the father and as thus modified affirmed, with costs to appellants. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.